# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ILIAD, INC., a Washington corporation,<br><br>        Respondent,<br><br>        v.<br><br>VALHALLA CONSTRUCTION AND<br>RECYCLING INC., a Washington<br>corporation,<br>        Appellant. | No. 85496-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Valhalla Construction and Recycling Inc. (Valhalla) appeals from a trial court's order releasing its mechanics' lien and awarding attorney fees to Iliad, Inc. (Iliad). The order was entered pursuant to a summary proceeding authorized by RCW 60.04.081, which allows an owner of real property to challenge a mechanics' or materialmen's lien as frivolous or excessive. Valhalla asserts that the trial court (a) erred in failing to dismiss the proceeding for insufficient process and (b) wrongly determined that its lien is frivolous. We agree with Valhalla's first argument and therefore do not reach its second. Accordingly, we reverse the trial court's order releasing Valhalla's mechanics' lien and awarding attorney fees and remand for the trial court to dismiss the proceeding for insufficient process.

Valhalla entered into a contract with Iliad to provide various clearing and grubbing services on a condominium project for a base contract price of

$122,190.00. Iliad paid, and Valhalla accepted, payments for the work totaling $112,771.00. Valhalla then filed a mechanics' lien on the project property under RCW 60.04 to secure an alleged unpaid balance of $186,974.30. In response, Iliad filed a motion under RCW 60.04.081 to release the lien as frivolous or clearly excessive. While service of process is disputed (as discussed herein), there is no dispute that Valhalla had actual notice of the proceeding. It filed a notice of appearance asserting "Lack of jurisdiction over the person/party" and "Insufficiency of service of process" and asserted these defenses in its response to Iliad's motion. The trial court rejected these defenses and granted Iliad's motion. Valhalla appeals.

The primary method of service to a corporation that is not subject to other specific methods of service is to serve a copy of the summons on the "president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." RCW 4.28.080(9). "Proper service of the summons and complaint is a prerequisite to the court obtaining jurisdiction over a party, and a judgment entered without such jurisdiction is void." *Streeter-Dybdahl v. Nguyet Huynh*, 157 Wn. App. 408, 412, 236 P.3d 986 (2010) (quoting *Woodruff v. Spence*, 76 Wn. App 207, 209, 883 P.2d (1994)). "An affidavit of service is presumptively correct, and the challenging party bears the burden of showing improper service by clear and convincing evidence." *Woodruff*, 76 Wn. App. at 210. "Whether service of process . . . was proper is an issue we review de novo." *Pascua v. Heil*, 126 Wn. App. 520, 527, 108 P.3d 1253 (2005).

The undisputed evidence shows that Valhalla was not properly served. To establish proper service of process, Iliad filed in the trial court a declaration of service stating, "John Doe male was outside of address when first approached. Male went inside house and refused to answer door. Posted order to show cause on door, and drop served remainder in front of door as instructed. Male watched from window." Iliad's attorney also filed a declaration stating, "On May 12, 2023, my office emailed to John Babbitt, the President of Defendant Valhalla, a copy of all the pleadings our office is filing with the Court today." And lastly, Iliad's attorney testified by declaration, "On May 18, 2023, my office also sent a hard copy of the pleadings . . . to Defendant via UPS 2nd day air mail, with requisite tracking." This clear and convincing evidence shows that Iliad failed to serve a copy of its pleadings on a person in a role enumerated in RCW 4.28.080(9). Instead, it utilized other procedures—posting, dropping, mail, and e-mail—that are not prescribed by or sufficient under RCW 4.28.080(9).

Iliad recognizes, as it must, that "Valhalla correctly cites the language of RCW 4.28.080(9)." It nevertheless fails to argue or establish that it complied with the procedure prescribed by RCW 4.28.080(9). Instead, it points to a different statute, RCW 60.08.080(4), which states that "The applicant must give notice of the hearing to the lien claimant by providing copies of the motion, order, and any other documents filed with the court, to the lien claimant by first-class mail, by certified or registered mail, or by personal service." The fatal flaw in this argument is that Iliad filed its motion to release Valhalla's mechanics' lien under *RCW 60.04*, which (appropriately here) is entitled and relates to "mechanics' and materialmen's liens." The service of process statute cited by Iliad, in contrast, is set forth in *RCW*

*60.08*, which is entitled and relates to "chattel liens." Because the lien at issue here is a mechanics' lien and not a chattel lien, Iliad's reliance on RCW 60.08.080(4) is wholly misplaced.

Next, Iliad points to the trial court's finding that Valhalla "had due notice of these proceedings, has appeared in these proceedings, and has availed themselves of the court process." The trial court further noted, "There is no dispute that [Valhalla] is aware of these proceedings, received the same submissions that the undersigned received, and had adequate time to respond as outlined in the statutory timeframe." The trial court's ruling does not address the statutory service requirements. Instead, it is couched in due process terms. Washington law is clear that a litigant must satisfy *both* due process *and* statutory service requirements. *See Weiss v. Glemp*, 127 Wn.2d 726, 734, 903 P.2d 455 (1995) ("[B]eyond due process [requirements], statutory service requirements must be complied with in order for the court to finally adjudicate the dispute between the parties.") (quoting *Thayer v. Edmonds*, 8 Wn. App. 36, 40, 503 P.2d 1110 (1972)). The trial court here addressed the former, but not the latter.

Finally, because we conclude that the trial court erred in failing to dismiss the lien proceeding for insufficient process, we vacate the trial court's award of attorney fees in Iliad's favor. For similar reasons, we also deny Valhalla's request for attorney fees on appeal. RAP 18.1 permits the recovery of reasonable fees "[i]f applicable law grants to a party the right to recover" such fees. The relevant portion of RCW 60.04.081(4) states: "If the court determines that the lien is not frivolous and was made with reasonable cause, and is not clearly excessive, the court shall issue an order so stating and awarding costs and reasonable attorneys' fees to the

lien claimant to be paid by the applicant." RCW 60.04.081(4). Because we have not addressed or decided this substantive issue, the statute does not grant Valhalla the right to recover its fees and expenses on appeal.

Reversed and remanded to dismiss for insufficient process.

Feldman, J.

WE CONCUR:

Díaz, J.

Coburn, J.